UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,           Civ. No. 04-CV-71992
                                    Crim. No. 00-CR-80654

vs.

                                  Hon. Gerald E. Rosen

ANTHONY KIRKSEY,

                Defendant.
_____/

OPINION AND ORDER DENYING DEFENDANT'S
§ 2255 MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on     March 13, 2007

PRESENT:  Honorable Gerald E. Rosen
                  United States District Judge

## I.  INTRODUCTION

Defendant Anthony Kirksey was tried and convicted in this Court on a one-count

indictment for possession with intent to distribute cocaine in violation of 21 U.S.C. §

841(a)(1).  He was subsequently sentenced on December 6, 2002 to 137 months

imprisonment, to be followed by eight years of supervised release.  Kirksey did not

appeal his conviction or sentence.[1]  Instead, he has filed a series of motions seeking relief

_____

[1] Although his lawyer had filed a Notice of Appeal preserving Kirksey's appeal
rights, Kirksey objected to his attorney's representation.  He filed a Motion to Strike the
appeal brief filed by his lawyer, and then, requested and was granted leave to file his own

1

pursuant 28 U.S.C. § 2255.[2]

Having reviewed Petitioner's Motion, the Government's response, and the files

and records of this case, the Court has determined that an evidentiary hearing is not

necessary.   Petitioner's Motion for an Evidentiary Hearing, accordingly, is denied.  *See*

28 U.S.C. § 2255 (the court shall grant a hearing to determine the issues and make

findings of fact and conclusions of law "[u]nless the motion and the files and records of

the case conclusively show that the prisoner is entitled to no relief. . . .");  *see also* Rule 8

Governing Section 2255 Proceedings;  *Baker v. United States*, 781 F.2d 85, 92 (6th Cir.

1986).

## II.  BACKGROUND

On October 5, 1999, Anthony Kirksey was arrested by the U.S. Marshals for

violation of supervised release.[3]  At the time of his arrest, Kirksey was a passenger in a

---

appeal brief.  However, shortly thereafter, Kirksey, acting *pro se*, filed a motion for
voluntary dismissal of his appeal.  The Court of Appeals summarily granted that motion
and entered an Order dismissing his appeal on July 16, 2003.

[2]  In addition to his principal § 2255 Motion to Vacate, Set Aside or Correct
Sentence, Kirksey has also filed a Motion for Summary Judgment on his § 2255 Motion
and also a Motion for Default Judgment against the Government.  Because the
Government has responded to Kirksey's § 2255 Motion, the Motion for Default Judgment
is moot.

[3]  Kirksey was previously convicted and sentenced for felony drug offenses.  *See
United States v. Anthony Kirksey, et al.*, E.D. Mich. No. 89-80621.  Specifically, Kirksey
was convicted of possession with intent to distribute cocaine; use/carrying a firearm
during a crime of violence; and felon-in-possession of a firearm, and was sentenced to 97
months imprisonment.  He was serving his supervised release on this prior offense when
he was apprehended by the U.S. Marshals on October 5, 1999 for violating his supervised
release.  (He had committed a state crime and subsequently failed to report to his federal

2

car in that was driven by a friend.   A search-incident-to-arrest was conducted on the automobile in which Kirksey was found.  Approximately 2 kilograms of cocaine were found by the arresting officers in a duffle bag inside the vehicle.  A loaded Sig Sauer .380 caliber pistol was also discovered in the car.

On September 13, 2000, the Grand Jury returned a one-count indictment against Kirksey charging him with violation of 21 U.S.C. § 841(a)(1) as follows:

> On or about October 5, 1999, at Warren, Michigan, in the Eastern District of Michigan, the Defendant, ANTHONY KIRKSEY, having been previously convicted on May 2, 1990 of a felony drug offense, to wit: possession with intent to distribute cocaine, did knowingly and intentionally possess with intent to distribute in excess of five hundred (500) grams of a substance and mixture containing a detectible amount of Cocaine, a Schedule II controlled substance, [i]n violation of Title 21, United States Code, Section 841(a)(1).

On October 16, 2001, the Government filed an "Information for Enhanced Statutory Penalties pursuant to 21 U.S.C. § 851," giving notice to Kirksey that, based upon his 1990 conviction, the United States intended to invoke the statutory penalties of 21 U.S.C. § 841(b)(1)(B)(ii).

A four-day jury trial was subsequently held  January 8 through 11, 2002.  During the course of the trial, the Government introduced evidence of the precise quantity of the cocaine, and in finding Kirksey guilty, the jury specifically found that he possessed in excess of 500 grams of cocaine.

---

probation officer.)  Kirksey's whereabouts on October 5th were disclosed to the Marshals by the DEA and the FBI, who, at the time were conducting an investigation of Defendant through the use of a cooperating witness, Peter Vultaggio.

After he was convicted, Kirksey dismissed his retained attorney and elected to represent himself at sentencing.[4]  On December 6, 2002, Kirksey was sentenced to 137 months imprisonment, to be followed by eight years supervised release.

### III.  KIRKSEY'S § 2255 CLAIMS

In his § 2255 Motion, Kirksey raises six claims:

1.    That the indictment/§ 841 drug statue [sic; statute] omits an "essential element" of the offense (i.e., an effect or burden upon interstate commerce); therefore the indictment is "unconstitutional."

2.    That the indictment failed to charge an independent/ substantive offense; and therefore is "void ab initio."

3.    That the District Court violated the Petitioner's right pursuant to the Speedy Trial Act.

4.    That the Petitioner was denied his right to confront/cross-examine his accuser.

5.    That officer[]s of the court conspired to amend Petitioner's offense charged in the indictment during the sentencing phase.

6.    That the guideline enhancements that were applied are all unconstitutional.

[Defendant's 2255 Motion, pp. 2-3.]

With the exception of claim # 4 (the confrontation claim), all of Kirksey's claims were previously ruled upon (in most cases, more than once) by this Court.

### IV.  DISCUSSION

---

[4]  Kirksey was appointed standby counsel to assist him at sentencing.

4

A.    DUE TO KIRKSEY'S FAILURE TO RAISE CLAIMS THAT COULD
HAVE BEEN, BUT WERE NOT, RAISED ON DIRECT APPEAL, HE IS
<u>BARRED FROM RAISING THEM IN HIS § 2255 MOTION</u>

A § 2255 proceeding is not a substitute for a direct appeal. *See United States v. Addonizio*, 442 U.S. 178, 184, 99 S.Ct. 2235, 2240  (1979).  Accordingly, claims not raised on direct appeal generally may not be raised on collateral review. *See Massaro v. United States*, 538 U.S. 500, 503123 S.Ct. 1690, 1693 (2003).  If any issue could have been raised on direct appeal, the failure to raise it therein constitutes a procedural default and precludes review in a § 2255 proceeding unless the petitioner can demonstrate both "cause" for the procedural default <u>and</u> actual "prejudice," or that he is "actually innocent."' *Bousley v. United States*, 523 U.S. 614, 622, 118 S.Ct. 1604 (1998); *Murray v. Carrier*, 477 U.S. 478, 485, 106 S.Ct. 2639, 2643-2644 (1986);*United States v. Frady*, 456 U.S. 152, 167-68, 102 S.Ct. 1584, 1594 (1982).  The "hurdle" a petitioner faces in excusing his procedural default is "intentionally high. . . , for respect for the finality of judgments demands that collateral attack generally not be allowed to do service for an appeal." *Peveler v. United States*, 269 F.3d 693, 699-700 (6th Cir. 2001) (quoting *Elzy v. United States*, 205 F.3d 882, 884 (6th Cir.2000)).

Petitioner Kirksey does not appear to dispute that, by failing to proceed with a direct appeal, he has procedurally defaulted on all of his claims. *See* Kirksey's § 2255 Motion, section VII  -- "Legal Standard", p. 4.  Claims raised in a voluntarily dismissed appeal are held to have been procedurally defaulted. *See United States v. Mikalajunas*, 184 F.3d 490, 492-93 (4th Cir. 1999); *Albert v. United States*, 57 F.3d 1069, 1995 WL

5

331476 (6th Cir. 1995) (unpublished decision); *United States v. Mitchell*, 79 F.3d 1150, 1996 WL 121731 (7th Cir. 1996) (unpublished decision) ( "[b]ecause [petitioner] did not pursue this claim on direct appeal when he could have, he forfeited it, and cannot now raise it in a collateral attack.")

Kirksey, however, argues that procedural default should not operate as a bar to his petition because he claims to be able to demonstrate "cause and actual prejudice." *See* § 2255 Motion, pp. 4-5.

1.    "CAUSE AND ACTUAL PREJUDICE"

As indicated above, procedurally defaulted claims cannot be heard on the merits on collateral review unless the prisoner can demonstrate "cause" for each failure to raise the claim earlier, as well as "actual prejudice" resulting from the alleged error, or that he is actually innocent of the crime of conviction.[5]  *See United States v. Frady, supra.*  The "cause and prejudice" standard requires the prisoner to show not only that "some objective factor external to the defense" impeded his efforts to raise the issue earlier, *Coleman v. Thompson*, 501 U.S. 722, 753, 111 S.Ct. 2546, 2566 (1991) (citing *Murray v. Carrier, supra*, 477 U.S. at 488, 106 S.Ct. at 2645), but also that the error he alleges "worked to his *actual* and substantial disadvantage, infecting his entire trial with error." *Frady, supra*, 456 U.S. at 170, 102 S.Ct. 1596 (emphasis in original).

Here, Petitioner claims that the "cause" for not presenting any of his claims to the

---

[5]  Petitioner here does not argue "actual innocence"; he only argues that he can demonstrate "cause and prejudice."

Court of Appeals "must be wholly attributed to Petitioner's appellate consel [sic; counsel]." *See* § 2255 Motion p. 5. While it is true that attorney error may constitute "cause" if the error amounts to ineffective assistance of counsel, *see Murray v. Carrier*, *supra* 477 U.S. at 488, 106 S.Ct. at 2645, as noted above, just as he did in post-trial proceedings in the District Court, Kirksey insisted on representing himself on appeal. He not only filed his own "supplemental" appeal brief, he also filed a motion to strike the brief filed by his court-appointed attorney, and then, he personally requested that his appeal be voluntarily dismissed before any further briefing or oral argument could occur.

A defendant who chooses to represent himself cannot later complain that the management of his own defense amounted to a denial of effective assistance of counsel. *Faretta v. California*, 422 U.S. 806, 834-35 n. 46, 95 S.Ct. 2525, 2541 n. 46 (1975); *see also Hance v. Zant*, 696 F.2d 940, 950 (11th Cir.), *cert. denied*, 463 U.S. 1210 (1983); *Seaton v. Jabe*, 1993 WL 1291 at * 12 (6th Cir. 1993) ("As to his. . . appeals, petitioner proceeded *pro se*, and he cannot choose to represent himself and then claim ineffective assistance of counsel with respect to those appeals.")

Kirksey's inability to show "cause" for his procedural default in and of itself is sufficient to preclude review of his claims by way of a § 2255 proceeding. But even if sufficient cause has been established, as discussed below, there is no legal merit to any of Kirksey's claims, and thus, he cannot show actual prejudice.

B.   PETITIONER'S CLAIMS LACK LEGAL MERIT

Claim # 1.   That the indictment omits an essential element of the offense

7

(i.e., effect or burden upon interstate commerce); therefore the indictment is unconstitutional.

As the Government notes in its response, Kirksey previously raised this "omission of an essential element" issue in his pre-trial Motion to Dismiss Indictment, in his post-trial "*Pro Se* Statement Providing Guidance as to the Only Sentence He Can Legally Receive," in his Memorandum in Support of his "Motion Under Rule 34 for Arrest of Judgment," and in his Memorandum in Support of his "Motion to Amend Petitioner's Motion for Arrest of Judgment."  The Court has also already ruled upon this issue.  *See* 9/6/01 Motion Hearing Transcript and 9/6/01 Order Denying Motions to Suppress Evidence and Motion to Dismiss Indictment.

Kirksey argues that the indictment with which he was charged omitted an element of the offense, to-wit, an effect or burden on interstate commerce, and therefore, his Fifth Amendment Due Process right and his Sixth Amendment "notice" and "jury trial" rights have been violated.  Kirksey, however, offers no legal support for his contention.  In his pre-trial Motion to Dismiss,  Defendant relied upon *Spinner v. United States*, 180 F.3d 514 (3rd Cir. 1999), in which the Third Circuit reversed the defendant's conviction (entered on a guilty plea) and sentence because the Government failed to allege an essential element of the crime in the indictment.  However, unlike this case, *Spinner* did nor involve a § 841(a) narcotics trafficking offense.

In *Spinner*, the defendant was charged with access device fraud in violation of 18 U.S.C. § 1029(a)(5).  The statutory elements of the crime with which Spinner was

8

charged are as follows:

>(a) Whoever --

* * *

>(5) knowingly and with intent to defraud effects transactions, with 1 or more access devices issued to another person or persons, to receive payment or any other thing of value during any 1-year period the aggregate value of which is equal to or grater than $1,000;

* * *

>shall, **if the offense affects interstate or foreign commerce**, be punished as provided in subsection (c) of this section.

18 U.S.C. § 1029(a)(5) (emphasis added).

In this case, Defendant Kirksey is charged with narcotics trafficking in violation of

21 U.S.C. § 841(a) which provides, in pertinent part,

>Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally --

>(1) to manufacture, distribute, or dispense, or possess with intent to distribute, or dispense, a controlled substance.

21 U.S.C. § 841(a)(1).

Unlike the crime with which the defendant in *Skinner* was charged, "affect[ing]

interstate commerce" is **not** an element of 21 U.S.C. § 841(a)(1). Indeed, courts that

have faced arguments for dismissal in drug trafficking cases predicated on *Skinner* have

specifically rejected such claims for this very reason. *See e.g., United States v. Stewart*,

151 F.Supp.2d 572, 584 (E.D. Pa. 2001); *United States v. Enigwe,* 2001 WL 708903

(E.D.Pa. 2001) (unpublished decision; text available on WESTLAW). *See also, United*

*States v. Rodriguez*, 336 F. Supp. 708 (S.D. Fla. 1972) (motion to dismiss indictment denied and 21 U.S.C. § 841(a) (1) held not unconstitutional because the indictment did not allege, nor does the statute require that it be alleged, that the controlled substance was imported or distributed in interstate commerce or affected that commerce.)

Apparently aware of this deficiency in his argument, Defendant relies upon a Congressional finding that drug trafficking affects interstate commerce. From this, Defendant apparently extrapolates that Congress has specified that an effect on interstate commerce is an element of Title 21 controlled substance offenses. An examination of the Congressional findings and declarations set forth in 18 U.S.C. § 801 shows that Defendant misreads that section.

While it is true that among the enumerated findings and declarations in Section 801, Congress noted that "[a] major portion of the traffic in controlled substances flows through interstate and foreign commerce,"18 U.S.C. § 801(3), Congress went on to find that:

> (5) Controlled substances manufactured and distributed interstate cannot be differentiated from controlled substances manufactured and distributed intrastate. Thus, it is not feasible to distinguish, in terms of controls, between controlled substances manufactured and distributed interstate and controlled substances manufactured and distributed intrastate.
>
> (6) Federal control of the intrastate incidents of the traffic in controlled substances is essential to the effective control of the interstate incidents of such traffic.

10

Since Congress has specifically found and declared in Section 801 that "federal control of the *intrastate* incidents of the traffic in controlled substances *is essential* to the effective control" of interstate drug trafficking, it cannot reasonably be implied from section 801 that an indictment charging a violation of 18 U.S.C. § 841(a) requires an allegation of an effect on interstate commerce.

Furthermore, the Sixth Circuit has expressly determined that the Government is not required to prove a nexus to interstate commerce in order to convict a defendant for a violation of 21 U.S.C. § 841(a)(1). *See United States v. Sawyer*, 902 F.2d 1217, 1221 (6th Cir. 1990), *cert. denied*, 501 U.S. 1253 (1991); *United States v. Scales*, 464 F.2d 371, 373 (6th Cir. 1972). If the Government is not required to prove an interstate commerce nexus to sustain a conviction, it can hardly be said that it is necessary to allege it in the indictment.

For these reasons, the Court finds no merit in Kirksey's first § 2255 claim.

Claim # 2    "That the Indictment Failed to Charge an Independent/
             Substantive Offense; and Therefore is "Void ab Initio"
and
Claim # 5    "That Officer's [sic] of the Court Conspired to Amend
             Petitioner's Offense Charged in the Indictment During the
             Sentencing Phase"

In Claim # 2, Kirksey claims that his Indictment is "void" and violative of his Fifth Amendment Due Process right and his Sixth Amendment "notice" and "jury trial" rights because it contains no citation to the penalty provision of 21 U.S.C. § 841(b). Since he was not "charged" with a violation of § 841(b), he posits that no penalty under that

provision could be imposed upon him.  Similarly, in Claim # 5, Kirksey argues that

officers of the Court conspired to "amend" the offense charged in the indictment by

including an "offense" pursuant to § 841(b) that was not charged in the indictment and

that this violated his Fifth and Sixth Amendment rights.

Kirksey previously raised this issue in his September 14, 2001 Motion to Dismiss

Indictment, in his post-trial "*Pro Se* Statement Providing Guidance as to the Only

Sentence He Can Legally Receive," in his Memorandum in Support of his "Motion Under

Rule 34 for Arrest of Judgment," and in his Memorandum in Support of his "Motion to

Amend Petitioner's Motion for Arrest of Judgment."  The Court has also already ruled

upon this issue.  *See* 12/4/01 Opinion and Order Denying Defendant's Motion to Dismiss

Indictment.

As an initial matter, it must be pointed out that in *Apprendi vs. New Jersey,* 530

U.S. 466, 120 S.Ct. 2348 (2000), the case relied upon by Kirksey in support of his

previous assertions of this argument,[6]  the Supreme Court expressly declined to reach the

issue of lack of reference to Section 841(b) in the indictment:

> Apprendi has not here asserted a constitutional claim based on the omission
> of any reference to sentence enhancement or racial bias in the indictment.
> He relies entirely on the fact that the "due process of law" that the
> Fourteenth Amendment requires the States to provide to persons accused of
> crime encompasses the right to a trial by jury, and the right to have every
> element of the offense proved beyond a reasonable doubt.  That
> Amendment has not, however, been construed to include the Fifth
> Amendment right to "presentment or indictment of a Grand Jury". . . .  We

---

[6]  Kirksey cites no legal authority as support for his claim in his § 2255 motion.

thus do not address the indictment question separately today.

*Apprendi*, 530 U.S. at 477 n. 3, 120 S.Ct.at 2355-56 n. 3.

Furthermore, the Sixth Circuit has explicitly held

There is no support in *Apprendi* for requiring an indictment to reference the penalty provisions of § 841(b) where the indictment properly sets forth specific drug quantities and puts the defendant on notice of all of the elements of the offense that would increase the penalty for the crime beyond the statutory maximum.

*United States v. Brown*, 332 F.3d 363, 369 (6th Cir. 2003).

As in *Brown*, the indictment here recites sufficient specific facts to apprise Kirksey that he would be subject to the enhanced penalty provision of § 841(b)(1)(B)(ii). The indictment specifically alleges that Defendant Kirksey was "previously convicted of a felony drug offense" and that he was being charged with possession with intent to distribute "in excess of five hundred (500) grams of a substance and mixture containing a detectable amount of cocaine."

Moreover, on March 2, 2001, in acknowledging receipt of the indictment, Kirksey admitted that he recognized that he was facing a possible term of not less than ten years or more to life, a fine of $4,000,000 and a term of supervised release of at least eight years. Thus, it can hardly be said that Defendant Kirksey was not informed of the nature and cause of the accusations.

Furthermore, on October 16, 2001, in accordance with 21 U.S.C. § 851, the Government filed its "Information for Enhanced Statutory Penalties," specifically

13

providing Kirksey with notice that it intended to rely upon § 841(b)(1)(B)(ii), which provides that an individual who commits an offense involving 500 grams or more of cocaine and who has one or more prior felony drug convictions is subject to a mandatory term of ten years imprisonment and a mandatory term of supervised release of eight years.  As the Government has pointed out, although Section 851 is silent as to what is required in the indictment itself, the fact that a separate information is required suggests that the proper vehicle for notice is the subsequently filed enhancement information, not necessarily the indictment.

The foregoing demonstrates that Defendant is unable to argue that he has been prejudiced in any way by the omission of a reference to Section 841(b) in the indictment or by the purported "amendment" of the indictment to include a § 841(b) charge without specifically citing that statute in the indictment.

Claim # 3      "That the District Court violated the Petitioner's right
               pursuant to the Speedy Trial Act

In Claim # 3, Kirksey argues that, by refusing to dismiss his indictment for violation of the Speedy Trial Act, the Court violated his Fifth and Sixth Amendment rights.  Plaintiff made this same argument in his "Motion Under Rule 34 for Arrest of Judgment," "Motion to Amend Petitioner's Motion Under Rule 34 for Arrest of Judgment," and his "Mandatory Judicial Notice of Adjudicative Facts." The Court previously ruled on this issue at Kirksey's sentencing, finding no Speedy Trial violation.

18 U.S.C. § 3161(c)(1) provides that the trial of a defendant charged in an

14

indictment shall commence within 70 days from the date that the defendant appeared before a judicial officer.  Subsection (h) of § 3161, however, provides that certain periods of delay are excluded from the computation of time within which the trial must commence.  Subsection (h)(1)(F) provides that delay resulting from the filing of a pre-trial motion to the conclusion of the hearing is excluded from the time in which a trial must commence.  Subsection (h)(1)(J) further excludes "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court."

Additionally, Subsection (h)(8)(A), provides for excludable delay resulting from a continuance granted by any judge at the request of the defendant or his counsel, if the judge finds that the ends of justice served by granting such a continuance outweigh the best interest of the public and the defendant in a speedy trial.

A review of the record of this case shows that Petitioner Kirksey was, in fact, brought to trial within 70 nonexcludable days, in full compliance with the Speedy Trial Act.

Kirksey first appeared and was arraigned on the indictment on March 1, 2001.  On March 21, 2001, S. Allen Early, III substituted in as counsel for Kirksey and, the next day, March 22, 2001, Mr. Early and the Government stipulated to an extension of the motion deadline until May 25, 2001, and further stipulated to an ends of justice order of excludable delay of all of the time in the interim.  As of March 22, 2001 when the parties entered into the stipulation, only 21 days of nonexcludable time had elapsed.

15

Meanwhile, on May 22, 2001, Kirksey filed a series of motions which stopped the running of the speedy trial clock. These motions were not decided until after all briefing was completed and oral argument heard. The motion hearing was held on September 6, 2001, and on that same date, the Court entered an Order denying Kirksey's May 22 motions. This restarted the speedy trial clock.

However, eight days later, on September 14, 2001, Kirksey filed another motion to dismiss the indictment which again tolled the running of speedy trial time. At this point, only 29 days of nonexcludable time had lapsed. The motion was originally scheduled for hearing on November 7, 2001 but the hearing was adjourned on Defendant's motion. The motion was then taken under advisement and ruled upon by the Court on December 5, 2001. This restarted the speedy trial clock.

Trial commenced 34 days later, on January 8, 2002, when only 63 days nonexcludable days had elapsed. Therefore, contrary to Kirksey's assertions, he was brought to trial well within the time allowed under the Speedy Trial Act.

In sum, the Court did not violate Kirksey's Fifth and Sixth Amendment rights in refusing to dismiss his indictment for violation of Speedy Trial Act. As the Sixth Circuit has repeatedly noted, "it will be an unusual case in which the time limits of the Speedy Trial Act have been met but the Sixth Amendment right to speedy trial has been violated." *United States v. O'Dell*, 247 F.3d 655, 667 (6th Cir. 2001) (quoting *United States v. DeJesus,* 887 F.2d 114, 116 (6th Cir.1989); *see also United States v. Nance,* 666 F.2d 353, 360 (9th Cir.1982), *cert. denied*, 456 U.S. 918, 102 S.Ct. 1776 (1983)).

16

Claim # 4      That the Petitioner Was Denied His Right to Confront/Cross-
                Examine His Accuser

In Claim # 4, Kirksey contends that his rights under the Confrontation Clause of

the Sixth Amendment were violated when the Government introduced at trial a tape of a

telephone conversation between him and the Government's cooperating informant, Peter

Vultaggio.  He claims that the statements on the tape of Vultaggio are hearsay and,

because Vultaggio did not testify at trial, his Sixth Amendment Confrontation Clause

rights were violated by the admission of the tape.

There is no merit to Petitioner's claim.  First, Kirksey's own statements on the tape

are admissible as admissions of a party under Fed. R. Evid. 801(d)(2)(A).  The taped

statements of the cooperating informant are also admissible because they put Kirksey's

statements in context and made his statements intelligible to the jury and recognizable as

the admissions they are.  *See United States v. Woods*, 301 F.3d 556, 560-61 (7th Cir.

2002); *United States v. Flores*, 63 F.3d 1342, 1358-59 (5th Cir. 1995);*United States v.

Tangeman*, 30 F.3d 950, 952 (8th Cir. 1994); *United States v. Smith*, 918 F.2d 1551, 1559

(11th Cir. 1990).

*United States v. Woods*, is substantially similar to this case.  There, the defendant,

like Defendant Kirksey, was convicted by a jury on a charge of distributing narcotics in

violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B).  Woods was subsequently

sentenced to 360 months imprisonment.  Thereafter, he appealed his conviction and

sentence.  Among his appeal arguments, Woods argued that the district court improperly

17

admitted certain tape recordings of conversations between him and a confidential

informant, David Roberson, and that, because Roberson did not testify at his trial, the

tapes were hearsay and their admission into evidence at trial violated his Sixth

Amendment right to confrontation.  The Seventh Circuit rejected Woods' arguments

explaining:

> The recordings of Woods' phone conversations were not hearsay and were
> properly admitted as statements by a party-opponent.  Fed. R. Evid.
> 801(d)(2)(A); *United States v. Hubbard*, 22 F.3d 1410, 1417 (7th Cir.
> 1994).  Roberson's side of the conversations were admissible either because
> they provide context or because they were adopted by Woods during the
> course of the conversation.  Fed. R. Evid. 801 (context); *United States v.
> Gajo*, 290 F.3d 922, 929-30 (7th Cir. 2002) (holding statements of an
> informant may be admitted as non-hearsay to provide context to a
> conversation.) (citing cases); Fed. R. Evid. 801(d)(2)(B) (adoptive
> admissions); *United States v. Rollins*, 862 F.2d 1282, 1296 (7th Cir. 1988).
> During the discussion and negotiation of the drug purchase, Woods either
> led or responded to each of Roberson's requests and questions about time,
> place, and terms of the transaction.  At no time did Woods contradict
> Roberson's comments or questions regarding the purchase of drugs or tell
> Roberson that he was mistaken or had the wrong number.  The context of
> the conversation between Woods and Roberson manifested Woods' intent
> to adopt Roberson's statements.

> \* \* \*

> If statements are admissible because they are non-hearsay, there is
> no confrontation clause problem.  *Martinez v. McCaughtry*, 951 F.2d 130,
> 133-34 (7th Cir. 1991); *see also Tennessee v. Street*, 471 U.S. 409, 414, 105
> S.Ct. 2078, 85 L.Ed.2d 425 (1985).  If the statements are Woods' own --
> either by virtue of the fact he made or adopted them -- there is no hearsay
> and no confrontation problem because the witness against the defendant is
> himself. . . .

> \* \* \*

> . . . The tape recordings of Woods' voice was the evidence against

18

him, not testimony by Roberson pointing the finger at Woods.

Moreover, . . . [a]t trial, an FBI agent identified Woods' voice on the
tapes, and Woods had an opportunity to cross-examine the agent.

301 F.3d at 561.

As in *Woods*, during Kirksey's conversation with Vultaggio, Kirksey responded to
each of Vultaggio's questions about having the cocaine ready for delivery, and about the
time, place and terms of the planned transaction. Kirksey never contradicted Vultaggio's
comments or questions regarding the purchase of drugs nor did he tell Vultaggio that he
was mistaken or had the wrong number. The context of the conversation between
Kirksey and Vultaggio, thus, manifested Kirksey's intent to adopt Vultaggio's statements.
As the Seventh Circuit found in *Woods*, since the statements are Kirksey's own -- either
by virtue of the fact he made or adopted them -- there is no hearsay and no confrontation
problem because the witness against Kirksey is himself.

Claim # 6      That the Guideline Enhancements that were applied are all
               "Unconstitutional"

Kirksey's argument in his last claim, Claim # 6, is the same argument that he made
in "Petitioner's Pro Se Statement Providing Guidance as to the Only Sentence He Can
Legally Receive" which he submitted in connection with his sentencing. His argument
was then and is now that he could not be sentenced pursuant to the Sentencing Guidelines
-- with the attendant criminal history enhancements for prior convictions -- because he
was not properly indicted, tried or convicted due to the failure to include a citation to §
841(b) in his indictment. The Court has already addressed the § 841(b)

19

indictment/"amendment of indictment" issue in Claims # 2 and # 5, above.

To the extent that Kirksey is arguing that *Apprendi* requires that the facts of his prior convictions had to be decided by the jury, he is mistaken.  Indeed the Supreme Court in *Apprendi* expressly held to the contrary:  "*Other than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490 (emphasis added).  The Supreme Court explicitly reaffirmed this rule in *United States v. Booker*, 543 U.S. 220, 244 (2005) and the Sixth Circuit has consistently applied it.  *See United States v. Barnett*, 398 F.3d 516, 524 (6th Cir.2005) (finding that "there is no language in *Booker* suggesting that the Supreme Court, as part of its remedial scheme adopted in that case, intended to alter the exception to *Apprendi* allowing district courts to consider the fact and nature of prior convictions without submitting those issues to the jury"); *see also United States v. Beasley*, 442 F.3d 386, 391 (6th Cir.2006) ("[W]e have held that a district court does not violate the Sixth Amendment by determining the fact and nature of a defendant's prior convictions and using these findings to impose an increased sentence. . . ."); *United States v. Poole*, 407 F.3d 767, 777 (6th Cir.2005).

Finally, with respect to Petitioner's argument for application of *United States v. R.L.C.* (8th Cir. 1990), *aff'd*, 503 U.S. 29 (1992), that case involved a juvenile sentence and presented only the issue of the proper construction and application of the juvenile sentencing statute, 18 U.S.C. § 5037(c)(1).  It had absolutely nothing to do with post-

*Apprendi* sentencing enhancements.[7]

## CONCLUSION

For all of the foregoing reasons, the Court finds that Petitioner Kirksey has not established any constitutional violation to support vacating, setting aside, or correcting his sentence. Accordingly, the Court will deny Petitioner's § 2255 Motion to Vacate, Set Aside or Correct Sentence and Motion for Summary Judgment. The Court will also deny a certificate of appealability to Peitioner. In order to obtain a certificate of appealablity, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the motion to vacate. *Castro v. United States*, 310 F.3d 900, 901 (6th Cir. 2002). Therefore, a district court has the power to deny a certificate of appealability *sua sponte*. *See*

---

[7]   Even if it did involve sentencing enhancements, *R.L.C.* is an Eighth Circuit decision and, as such, is not controlling precedent here.

21

*Millender v. Adams*, 187 F. Supp. 2d 852, 880 (E.D. Mich. 2002).

For the reasons stated in this Opinion and Order, the Court will deny Petitioner Kirksey a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right with respect to his claims. The Court will also deny Petitioner leave to appeal *in forma pauperis*, because the appeal would be frivolous. *Allen v. Stovall*, 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

<u>ORDER</u>

Based upon the foregoing,

IT IS HEREBY ORDERED that Petitioner Kirksey's § 2255 Motion to Vacate, Set Aside or Correct Sentence is DENIED.

IT IS FURTHER ORDERED that Petitioner's Motion for Summary Judgment on his § 2255 petition is DENIED.[8]

IT IS FURTHER ORDERED that Petitioner's Motion to Be Released on Bail Pending Habeas Proceedings is DENIED.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

IT IS FURTHER ORDERED that leave to appeal *in forma pauperis* is DENIED.


s/Gerald E. Rosen
Gerald E. Rosen
United States District Judge

---

[8] As noted *supra*, Petitioner's Motion for Default Judgment and Motion for an Evidentiary Hearing are also DENIED.

22

Dated: March 13, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 13, 2007, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager