UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

Civ. No. 04-CV-71992
Crim. No. 00-CR-80654

vs.

Hon. Gerald E. Rosen

ANTHONY KIRKSEY,

Defendant.
_____________________________________/

ORDER DENYING MOTION FOR EXTENSION OF TIME

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on March 14, 2007

PRESENT: Honorable Gerald E. Rosen
United States District Judge

This matter is presently before the Court on Petitioner Anthony Kirksey's Motion for an extension of time to reply to the Government's response to his § 2255 Motion.[1] Kirksey filed this motion on March 7, 2007, more than a week after the 7-day time limit for filing a reply brief had expired. *See* Eastern District of Michigan Local Rule 7.1(d)(1)(C); *see also* Rule 5(d) of the Rules Governing Section 2255 Proceedings,

[1] Although captioned as a "Motion for Time to Respond to the Government's Opposition Motion," no such opposition "motion" was ever filed by the Government. All that the Government filed was a "Response and Opposition *to Petitioner's Motion* Pursuant to 28 U.S.C. § 2255. " Therefore, the Court construes Petitioner's instant motion as seeking an extension of time to reply to the Government's response.

Advisory Committee Note, 2004 Amendments. The Court was unaware of Petitioner's motion for additional time at the time that it entered its Opinion and Order denying his § 2255 motion on March 12, 2007.[2]

While optional reply briefs are permitted (but not required) under Rule 5(d) of the Rules Governing Section 2255 Proceedings, the Court finds that any such reply would be unnecessary in this case in light Kirksey's more than adequate prior briefing of the issues presented. When it is determined that a reply brief would not be necessary or helpful, a court does not abuse its discretion in denying a motion for an extension of time to file a reply. *See e.g., Cabrera v. Gonzales*, 176 Fed. App'x 797 (9th Cir. 2006); *Allen v. Ornoski*, 2006 WL 83384 (E.D. Cal. 2006); *United States v. Judeh*, 1990 WL 17362 (E.D. La. 1990).

In *Judeh*, the petitioner sought a 30-day extension of time to reply to the Government's response to his § 2255 motion. The court found that a reply was not necessary noting that because the issues raised in the 2255 motion were "self-explanatory"and, because the court could "personally recollect the course of events" relative to the alleged constitutional errors, further amplification of the points was unnecessary to its determination of the matter.

The same is true in this case. The six issues raised in Kirksey's § 2255 Motion are self-explanatory and the alleged constitutional errors easily identifiable. Furthermore, the

---

[2] The Court signed the Opinion and Order on March 8, but it was not entered by the Clerk until March 12, 2007.

Court personally recollects the course of events relative to this matter. Moreover, Kirksey has more than adequately briefed the issues raised. In fact, he briefed these issues several times during the course of his criminal proceedings.

For all of these reasons, the Court finds it unnecessary to re-open Petitioner's § 2255 case to allow him an extension of time to file a late reply brief. Accordingly,

IT IS HEREBY ORDERED that Petititioner's March 7, 2007 Motion for Time to Respond to the Government's Response is DENIED.[3]

s/Gerald E. Rosen
Gerald E. Rosen
United States District Judge

Dated: March 14, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 14, 2007, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager

---

[3] The Court's ruling herein is, of course, without prejudice to Petitioner's right to raise any argument he intended to make in a reply brief in a properly filed motion for reconsideration.