UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,        Civ. No. 07-CV-12973
                               Crim. No. 00-CR-80654

vs.

                               Hon. Gerald E. Rosen

ANTHONY KIRKSEY,

        Defendant.
_____/

AMENDED ORDER TRANSFERRING PETITIONER'S
SECOND § 2255 MOTION TO COURT OF APPEALS
FOR CERTIFICATION DETERMINATION

        At a session of said Court, held in
        the U.S. Courthouse, Detroit, Michigan
        on    August 2, 2007

        PRESENT:  Honorable Gerald E. Rosen
                              United States District Judge

Defendant Anthony Kirksey was tried and convicted in this Court on a one-count indictment for possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1).[1] He was subsequently sentenced on December 6, 2002 to 137 months imprisonment, to be followed by eight years of supervised release. After abandoning his

---

[1] The charges against Kirksey arose out of a search-incident-to-an-arrest of an automobile in which Defendant was a passenger on October 5, 1999. Kirksey was arrested on that date while inside the car for violation of supervised release. Approximately 2 kilograms of cocaine were found by the arresting officer in a duffel bag inside the vehicle.

1

direct appeal,[2] on May 26, 2004, Kirksey filed a § 2255 Motion to Vacate, Set Aside or Correct Sentence. On March 13, 2007, this Court entered an Opinion and Order denying Kirksey's motion.[3] Kirksey thereafter filed a Motion to Amend or Alter Judgment which the Court also denied on May 16, 2007.

This matter is now before the Court on another § 2255 motion filed by Kirksey on July 16, 2007. In this motion, Kirksey purports to rely upon the Supreme Court's recent decision in *Brendlin v. California*, ___ U.S. ___, 127 S.Ct. 2400 (June 18, 2007) and claims that in light of this decision, his conviction and sentence must be vacated. In *Brendlin*, the Supreme Court held that a passenger in a car had the same rights as the driver to challenge the constitutionality of a traffic stop ostensibly predicated upon an expired temporary license tag.[4] Because Kirksey was arrested while he was a passenger in a car, he claims that *Brendlin* applies to his case.

In making this argument, Kirksey concedes that *Brendlin* is not a new rule of

---

[2] Although Kirksey's court-appointed lawyer had filed a timely Notice of Appeal following Kirksey's sentencing thereby preserving Kirksey's appeal rights, Kirksey objected to his attorney's representation. He filed a Motion to Strike the appeal brief filed by his lawyer, and then, requested and was granted leave to file his own appeal brief. However, shortly thereafter, Kirksey, acting *pro se*, filed a motion for voluntary dismissal of his appeal, which the Court of Appeals granted.

[3] Disposition of Kirksey's 2004 § 2255 motion was delayed due to several appeals taken by Kirksey regarding rulings on related motions, during the pendency of which the Court was divested of jurisdiction over the matter.

[4] The car in which Brendlin was a passenger was registered to the driver, Karen Simeroth.

constitutional law [*see* 7/16/07 Motion to Vacate, p. 5] and instead contends that his court-appointed counsel was ineffective by not raising the denial of his pre-trial motion to suppress evidence on direct appeal.[5]

As indicated, this § 2255 motion is the second such motion filed by Defendant Kirksey.[6] By statute, before a district court may consider a second or successive § 2255 motion, the motion "must be certified . . . by a panel of the appropriate court of appeals"

---

[5] Kirksey contends that this "ineffective assistance of counsel" demonstrates sufficient "cause" to excuse his procedural default in not having raised the suppression issue in his direct appeal. Defendant apparently hopes that the Court will overlook the fact that he objected to his attorney's representation, moved to strike the appeal brief she filed on his behalf, filed his own *pro se* brief, and then voluntarily dismissed his appeal. As discussed in the Court's March 13, 2007 Opinion and Order, under these circumstances, no claim of ineffective assistance of counsel will lie.

Kirksey's reliance upon *Brendlin* to establish prejudice is similarly misplaced. As Kirksey himself states, in analyzing "prejudice" the initial focus is on the merits of the petitioner's constitutional claim. *See* 7/16/07 § 2255 Motion, p. 7. Kirksey asserts that *Brendlin* establishes that "the evidence discovered in the vehicle in which he was a passenger must be 'suppressed' because it violated his guaranteed Fourth Amendment right against illegal searches and seizures." *Id.* However, contrary to Kirksey's assertions, unlike *Brendlin*, the denial of Kirksey's motion to suppress was not in any way predicated upon his "lack of standing," which was the case in *Brendlin*. Kirksey's standing to challenge his seizure was neither argued by counsel nor raised by the Court at the suppression hearing. The Court denied Kirksey's motion to suppress simply because it found that under Supreme Court and Sixth Circuit precedent, the "search incident to arrest" exception to the warrant requirement permits a policeman who has made a lawful custodial arrest of the occupant of an automobile, as a contemporaneous incident of that arrest, to search the passenger compartment of that automobile. *New York v. Belton*, 453 U.S. 454, 460, 101 S.Ct. 2860, 2864 (1981); *United States v. White*, 871 F.2d 41, 43-45 (6th Cir. 1989). There was never any issue raised as to the propriety of any traffic stop or whether Kirksey, as a passenger, could make such a challenge.

[6] Actually, this is the third § 2255 motion filed by Kirksey. Kirksey filed his first § 2255 motion after his trial but before the Court entered its Judgment and Conviction Order. The Court dismissed that first motion as premature with no ruling on the merits.

3

to rest upon either "newly discovered evidence" or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255 para. 8.

Petitioner having filed a previous § 2255 motion, it follows that his present, "second or successive" motion requires certification from the Court of Appeals to go forward. Under these circumstances, the Sixth Circuit has instructed that a District Court is to transfer the matter to the Court of Appeals for its determination whether to authorize a second or successive petition. *See In re Sims*, 111 F.3d 45, 47 (6th Cir.1997). *See also, Turner v. United States*, 181 F. Supp. 2d 700 (E.D. Mich. 2001). Accordingly the Court will do so.[7]

NOW, THEREFORE,

IT IS HEREBY ORDERED that Defendant's July 16, 2007 § 2255 Motion to Vacate, Set Aside or Correct Sentence is TRANSFERRED to the United States Court of Appeals for the Sixth Circuit for a determination of whether certification should issue

---

[7] The Court notes that certification from the Court of Appeals likely will not be forthcoming. Petitioner's motion rests upon the authority of *Brendlin v. California*. That case, however, did not announce a "new rule of constitutional law." *See Brendlin*, 127 S.Ct. at 2406 ("[W]e have [previously] said over and over. . . that during a traffic stop an officer seizes everyone in the vehicle, not just the driver.") Indeed, Kirksey concedes that *Brendlin* does not represent a "new rule of constitutional law. However, even if it did, the Supreme Court has explicitly stated that such a new rule is not "made retroactive to cases on collateral review" -- a necessary prerequisite for a new rule to support a second or successive § 2255 motion, *see* 28 U.S.C. § 2255 para. 8(2) -- "unless the Supreme Court holds it to be retroactive." *Tyler v. Cain*, 533 U.S. 656, 663, 121 S. Ct. 2478, 2482 (2001). The Supreme Court has not so held with respect to *Brendlin*.

4

pursuant to 28 U.S.C. § 2244.

        s/Gerald E. Rosen
        Gerald E. Rosen
        United States District Judge

Dated: August 2, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 2, 2007, by electronic and/or ordinary mail.

        s/LaShawn R. Saulsberry
        Case Manager