UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,              Civ. No. 04-CV-71992
                                          Crim. No. 00-CR-80654

vs.

                                          Hon. Gerald E. Rosen

ANTHONY KIRKSEY,

                Defendant.
_____/

ORDER CONSTRUING PETITIONER'S FED. R. CIV. P. 60(b) MOTION
AS A SECOND OR SUCCESSIVE § 2255 MOTION AND
ORDER TRANSFERRING MOTION TO THE COURT OF APPEALS

                       At a session of said Court, held in
                       the U.S. Courthouse, Detroit, Michigan
                       on     January 24, 2008

                       PRESENT:  Honorable Gerald E. Rosen
                                             United States District Judge

Defendant Anthony Kirksey was tried and convicted in this Court on a one-count indictment for possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1).[1] He was subsequently sentenced on December 6, 2002 to 137 months imprisonment, to be followed by eight years of supervised release. After abandoning his

---

[1] The charges against Kirksey arose out of a search-incident-to-an-arrest of an automobile in which Defendant was a passenger on October 5, 1999. Kirksey was arrested on that date while inside the car for violation of supervised release. Approximately 2 kilograms of cocaine were found by the arresting officer in a duffel bag inside the vehicle.

1

direct appeal,[2] on May 26, 2004, Kirksey filed a § 2255 Motion to Vacate, Set Aside or Correct Sentence. On March 13, 2007, this Court entered an Opinion and Order denying Kirksey's motion.[3] Kirksey thereafter filed a Motion to Amend or Alter Judgment which the Court also denied on May 16, 2007. Kirksey immediately appealed to the Sixth Circuit Court of Appeals. That appeal [Sixth Cir. No. 07-1768] is still pending. Then, on July 16, 2007, Kirksey filed a second § 2255 Motion.[4] Pursuant to ¶ 8 of 28 U.S.C. § 2255, the Court transferred this second § 2255 Motion to the Sixth Circuit Court of Appeals where it also remains pending as of this date. [*See* Sixth Cir. No. 07-1987.]

This matter is now before the Court on another motion filed by Kirksey on October 9, 2007. This Motion is presented as a "Motion for Relief from Judgment" pursuant to Fed. R. Civ. P. 60(b)(1), (5) or (6). In this Motion, Kirksey purports to rely upon the Sixth Circuit's August 16, 2007 decision in *Nichols v. United States*, 501 F.3d 542 (6th

---

[2] Although Kirksey's court-appointed lawyer had filed a timely Notice of Appeal following Kirksey's sentencing thereby preserving Kirksey's appeal rights, Kirksey objected to his attorney's representation. He filed a Motion to Strike the appeal brief filed by his lawyer, and then, requested and was granted leave to file his own appeal brief. However, shortly thereafter, Kirksey, acting *pro se*, filed a motion for voluntary dismissal of his appeal, which the Court of Appeals granted.

[3] Disposition of Kirksey's 2004 § 2255 motion was delayed due to several appeals taken by Kirksey regarding rulings on related motions, during the pendency of which the Court was divested of jurisdiction over the matter.

[4] Actually, this was the third § 2255 motion filed by Kirksey. Kirksey filed his first § 2255 motion after his trial but before the Court entered its Judgment and Conviction Order. The Court dismissed that first motion as premature with no ruling on the merits.

Cir. 2007), and claims that this decision establishes that this Court erred in rejecting the ineffective assistance of counsel claim he presented in his March 2007 § 2255 Motion.

In *In re Nailor*, 487 F.3d 1018 (6th Cir.), *cert. denied*, 128 S.Ct. 337 (2007), the Sixth Circuit held that if a Rule 60(b) motion filed by prisoner who previously had filed a § 2255 motion "attempts to add a new ground for [§ 2255] relief" or "attacks the federal court's previous resolution of a [§ 2255] claim on the merits," it is to be treated as a second or successive § 2255 motion. 487 F.3d at 1022 (quoting *Gonzalez v. Crosby*, 542 U.S. 524, 532 125 S.Ct. 2641 (2005)).

Kirksey's Rule 60(b) Motion in this case does just that -- it attacks the Court's previous resolution of his § 2255 ineffective assistance of counsel claim on the merits.[5] Therefore, the Rule 60(b) motion must be construed as a "second or successive" § 2255 motion.

---

[5] As the Supreme Court explained in *Gonzalez*:

> The term "on the merits" has multiple usages. We refer here to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d), When a movant asserts one of those grounds (***or asserts that a previously ruling regarding one of those grounds was in error***), he is making a habeas corpus claim.

545 U.S. at 532 n.4 (emphasis added); *In re Nailor*, 487 F.3d at 1022 n.2.

Although *Gonzalez* involved a state prisoner's § 2254 habeas corpus petition, the Sixth Circuit and numerous other courts have applied the *Gonzalez* ruling to the analogous federal § 2255 proceedings. *See e.g.*, *In re Nailor*, 487 F.3d at 1021; *United States v. Nelson*, 465 F.3d 1145, 1147 (10th Cir. 2006); *United States v. Scott*, 414 F.3d 815 (7th Cir. 2005); *United States v. Terrell*, 141 Fed. Appx, 849, 851 (11th Cir. 2005).

By statute, before a district court may consider a second or successive § 2255 motion, the motion "must be certified . . . by a panel of the appropriate court of appeals" to rest upon either "newly discovered evidence" or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255 para. 8.

Kirksey having filed a previous § 2255 motion, it follows that his present, "second or successive" motion requires certification from the Court of Appeals to go forward. Under these circumstances, the Sixth Circuit has instructed that a District Court is to transfer the matter to the Court of Appeals for its determination whether to authorize a second or successive petition. *See In re Sims*, 111 F.3d 45, 47 (6th Cir.1997). *See also, Turner v. United States,* 181 F. Supp. 2d 700 (E.D. Mich. 2001). Accordingly the Court will do so.

NOW, THEREFORE,

IT IS HEREBY ORDERED that Defendant's October 9, 2007 "Motion for Relief from Judgment" [Dkt. #182] is TRANSFERRED to the United States Court of Appeals for the Sixth Circuit for a determination of whether certification should issue pursuant to 28 U.S.C. § 2244.

                                     s/Gerald E. Rosen
                                     Gerald E. Rosen
                                     United States District Judge

Dated: January 24, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 24, 2008, by electronic and/or ordinary mail.

                                  s/LaShawn R. Saulsberry
                                  Case Manager