UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

           Plaintiff/Respondent,

                                            No. 00-CR-80654

vs.

                                            Hon. Gerald E. Rosen

ANTHONY KIRKSEY,

           Defendant/Petitioner.
_____/

OPINION AND ORDER DENYING DEFENDANT'S
PETITION FOR A WRIT OF AUDITA QUERELA

           At a session of said Court, held in
           the U.S. Courthouse, Detroit, Michigan
           on            May 26, 2009

           PRESENT:  Honorable Gerald E. Rosen
                               Chief Judge, United States District Court

      Defendant Anthony Kirksey was tried and convicted in this Court on a one-count indictment for possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1).[1] He was subsequently sentenced on December 6, 2002 to 137 months imprisonment, to be followed by eight years of supervised release. After abandoning his

---

[1] The charges against Kirksey arose out of a search-incident-to-an-arrest of an automobile in which Defendant was a passenger on October 5, 1999. Kirksey was arrested on that date while inside the car for violation of supervised release. Approximately 2 kilograms of cocaine were found by the arresting officer in a duffel bag inside the vehicle.

1

direct appeal,[2] on May 26, 2004, Kirksey filed a § 2255 Motion to Vacate, Set Aside or Correct Sentence. On March 13, 2007, this Court entered an Opinion and Order denying Kirksey's motion. Kirksey thereafter filed a Motion to Amend or Alter Judgment which the Court also denied on May 16, 2007.

Then on July 16, 2007, Kirksey filed a second § 2255 motion.[3] In accordance with ¶ 8 of 28 U.S.C. § 2255, the Court transferred the case to the Sixth Circuit for its determination whether to authorize a second or successive petition. The Sixth Circuit dismissed the matter on February 27, 2008.[4]

Kirksey also filed a Fed. R. Civ. P. 60(b) Motion for Relief from Judgment on October 9, 2007, which the Court also construed as a "second or successive" § 2255 motion and, accordingly, transferred that motion to the Sixth Circuit for certification, as well. *See* January 24, 2008 Order [Dkt. # 183]. The Sixth Circuit also dismissed that

---

[2] Although Kirksey's court-appointed lawyer had filed a timely Notice of Appeal following Kirksey's sentencing thereby preserving Kirksey's appeal rights, Kirksey objected to his attorney's representation. He filed a Motion to Strike the appeal brief filed by his lawyer, and then, requested and was granted leave to file his own appeal brief. However, shortly thereafter, Kirksey, acting *pro se*, filed a motion for voluntary dismissal of his appeal, which the Court of Appeals granted.

[3] Actually, the July 16, 2007 motion was the third § 2255 motion filed by Kirksey. Kirksey filed his first § 2255 motion after his trial but before the Court entered its Judgment and Conviction Order. The Court dismissed that first motion as premature with no ruling on the merits.

[4] The Sixth Circuit dismissed Kirksey's motion for want of prosecution when Kirksey failed to correct his motion after being ordered by the court to do so. *See In re Kirksey*, Sixth Cir. No. 07-1987.

matter when Kirksey failed to timely cure defects noted by the Circuit Court Clerk in his motion. *See In re Anthony Emanuel Kirksey*, Sixth Cir. No. 08-1276 (4/11/08 Order).

Then, on October 9, 2008, Kirksey filed a Petition for a Writ of Audita Querela, which this Court construed as another § 2255 motion, and, on October 23, 2008, transferred the case to the Sixth Circuit Court of Appeals for its determination of whether to authorize such a second or successive motion. Kirksey thereafter filed a pleading in the Sixth Circuit objecting to this Court's construction of his petition as a second or successive § 2255 motion, but then, apparently ultimately abandoned his argument as he subsequently filed a motion for voluntary dismissal pursuant to Fed. R. App. P. 42(b). The Court of Appeals granted that motion and the matter was dismissed on March 18, 2009. *See In re Anthony Emanuel Kirksey*, Sixth Cir. No. 08-2383 (3/18/09 Order).

Kirksey now once again has returned to this Court and, on May 12, 2009, filed another "Petition for a Writ of Audita Querela." As in his October 9, 2008 filing, in this Petition, Kirksey once again attempts to collaterally attack his sentence raising a challenge under *United States v. Booker,* 543 U.S. 220, 125 S. Ct. 738 (2005). Kirksey vigorously argues that the instant Petition is not a motion brought pursuant to 28 U.S.C. § 2255 and, therefore, should not be construed as a second or successive § 2255 motion.

Under circumstances indistinguishable from those presented here, the Sixth Circuit and its sister circuits have held that a criminal defendant cannot invoke the writ of *audita querela* or other such common law writs to pursue a claim — including the *Booker*-based claim that Petitioner asserts here — that would be cognizable in a motion under 28 U.S.C.

3

§ 2255, but for the impediments raised by this statute itself. *See Halliburton v. United States,* No. 02-5670, 59 F. App'x 55, 57 (6th Cir. Feb. 4, 2003); *see also United States v. Richter,* 510 F.3d 103, 104 (2d Cir. 2007); *Carrington v. United States,* 503 F.3d 888, 890 (9th Cir. 2007); *United States v. Holt,* 417 F.3d 1172, 1174-75 (11th Cir. 2005); *Melton v. United States,* 359 F.3d 855, 857 (7th Cir. 2004); *United States v. Torres,* 282 F.3d 1241, 1245 (10th Cir. 2002); *Shelton v. United States,* No. 06-2630, 201 F. App'x 123, 124 (3d Cir. Oct. 12, 2006); *United States v. Sims,* No. 90-80492, 2008 WL 4791298, at *1-*2 (E.D. Mich. Oct. 28, 2008).[5] As the Seventh Circuit has observed:

> Prisoners cannot avoid the AEDPA's rules by inventive captioning. Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶ 1, *is* a motion under § 2255, no matter what title the prisoner plasters on the cover. Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls.

*Melton,* 359 F.3d at 857 (citations omitted). Therefore, the common law writ of audita querela affords Petitioner no relief separate and apart from relief available under § 2255.

Ordinarily, this Court would decline to reach the merits of Kirksey's petition and would instead, transfer the matter to the Court of Appeals for a determination whether to authorize the filing of a successive § 2255 motion that would serve as the proper vehicle

---

[5]In this case, the statutory impediments raised by § 2255 include Petitioner's prior filing of motions for relief under this statute and his appeal to a decision (*Booker*) that "does not apply retroactively to cases already final on direct review." *Humphress v. United States,* 398 F.3d 855, 857 (6th Cir. 2005).

4

for a *Booker* challenge. *See Gonzales v. Crosby*, 545 U.S. 524, 531-32 (2005); *In re Bowling*, 422 F.3d 434, 439-40 (6th Cir. 2005). The Sixth Circuit has expressly held, however, that "*Booker*'s rule does not apply retroactively in collateral proceedings." *Humphress v. United States*, 398 F.3d 855, 860 (6th Cir.), *cert. denied*, 546 U.S. 855 (2005). Under these circumstances, and in light of Kirksey's previous voluntary dismissals of appeals arising out of this Court's transfer of his variously-styled motions and petitions for the Sixth Circuit's determination of whether they should be allowed to go forward as second or successive § 2255 motions, it would be an unnecessary waste of judicial resources to transfer this matter to the Sixth Circuit, where Petitioner has no prospect of securing the appellate court's authorization to file a successive § 2255 motion rasing a *Booker* challenge to his sentence.

For these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that Defendant Kirksey's Petition for a Writ of Audita Querela **[Dkt. # 192]**, as well as his concurrently-filed Application to Proceed *in Forma Pauperis* [**Dkt. #. 194],** is **DENIED**. Moreover, in light of Petitioner's repeated filings in this case in which he revisits issues already decided by the Court, IT IS FURTHER ORDERED that Petitioner is ENJOINED from filing any further motions in this case without first seeking and obtaining leave of this Court. Such leave shall not be granted unless Petitioner can show (i) that the issues he seeks to presnt have not yet been addressed in the Court's prior rulings, and (ii) that his filing is made in good faith and the issues he raises are neither frivolous nor abusive of

5

the judicial process.

      IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

      IT IS FURTHER ORDERED that leave to appeal *in forma pauperis* is DENIED

                                s/Gerald E. Rosen
                                Chief Judge, United States District Court

Dated: May 26, 2009

**CERTIFICATE OF SERVICE**

I hereby certify that on    May 26, 2009   , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:    Bruce C. Judge, Eric M. Straus   , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:
     Anthony Kirksey, #13226-039, FCI Fort Dix - Camp, P.O. Box 2000, Fort Dix, New Jersey 08640   .

                                s/Ruth A. Brissaud
                                Ruth A. Brissaud, Case Manager
                                (313) 234-5137